# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 397 | **DATE** | 5/26/2010 |
| **CASE TITLE** | Last Atlantis, et al. Vs. Chicago Board Options, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion for reconsideration and for leave to supplement the record (772) is denied.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On March 26, 2010, I granted summary judgment in favor of defendant Knight Financial Products, LLC ("Knight"). Now plaintiffs Last Atlantis Capital LLC and Brad Martin ("plaintiffs") ask me to reconsider that ruling in light of two new affidavits, which purport to prove plaintiffs' expectations were "based on" Knight's alleged misrepresentations – evidence that was available but not submitted on summary judgment.

Regardless of whether these new affidavits properly evidence reliance or whether the alleged misrepresentations were "material," (both propositions challenged by Knight) this evidence comes too late. *See Eberts v. Goderstad*, 569 F.3d 757, 766-67 (7th Cir. 2009)("As we have said many times before, a motion for summary judgment requires the responding party to come forward with the evidence that it has – it is 'the "put up or shut up" moment in a lawsuit.'")(citations omitted). The issue of reliance was clearly at stake on summary judgment. Moreover, plaintiffs were not shy about filing additional materials for consideration well after summary judgment briefing was complete. (*See* Dkt. #672, 673, 685, 701, 713, 717-19, 745, and 749). They could have addressed Knight's reply brief, if they felt it necessary, well before a decision was rendered. Plaintiffs' motion is denied.