**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **LAST ATLANTIS CAPITAL LLC, et al.,** | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) No. 04 C 397 |
| **AGS SPECIALIST PARTNERS, et al.,** | ) ) |
| Defendants. | ) ) ) ) |

## MEMORANDUM OPINION AND ORDER

On March 26, 2010, I granted a motion for summary judgment filed on behalf of defendant Knight Financial Products, LLC ("Knight"). On May 8, 2010, certain plaintiffs moved the court to reconsider this order[1] and I denied that request. Now, plaintiffs have again moved for reconsideration of my order granting summary judgment. I have considered all the arguments raised by plaintiffs, and none have merit. For the reasons explained below, plaintiffs' motion to reconsider is denied.

"'Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence.'" *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l*

---

[1] The May 8, 2010 motion was styled as "Certain Plaintiffs' Motion for Leave of Court to Supplement the Record on Defendant Knight's Summary Judgment Motion and For Revision of the Court's March 26, 2010 Order."

*Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments." *Sikora v. AFD Indus., Inc.*, 18 F. Supp. 2d 841, 844 (N.D. Ill. 1998). Nor can parties use such motions to raise arguments or present evidence that could have been raised in the original briefing. *Rothwell*, 827 F.2d at 251.

Plaintiffs first argue that the court erred in granting summary judgment to Knight on all federal claims. According to plaintiffs, "Knight never argued that it was entitled to summary judgment on plaintiffs' claims that it committed a *manipulative* act in violation of Rule 10b-5(a) and (c) and never contested plaintiffs' evidence that it sent them misleading confirmations in violation of Rule 10b-5(b)." Pls' Mem. at 13.

The court concludes that plaintiffs' argument is waived. In its motion for summary judgment, Knight clearly moved for summary judgment on *all* federal counts. *See* Knight Mot. at 1 ("Knight . . . hereby moves the Court, pursuant to Fed. R. Civ. P. 56, for entry of summary judgment in its favor on plaintiffs' federal securities law claims against Knight[.]"; "Knight is entitled to judgment as a matter of law on Claim I of the complaint, which is a claim under federal securities laws.")). Further, Knight argued that all state law claims should be dismissed because if its motion was successful, there would be no remaining federal claims left in the case. In responding to

Knight's motion, plaintiffs never argued that Knight moved only for partial summary judgment on subsections (a), (b), and (c) of Rule 10b-5. They never notified either the court or Knight that there were other bases supporting the claims under Rule 10b-5(a), (b) and (c), and they never indicated that the state law claims would remain viable even if Knight's motion was successful. The complaint in this case is 236 pages long, and it is not the job of the court to make plaintiffs' arguments for them. The appropriate time and place to argue that Knight's motion, if successful, only addressed *part* of plaintiffs' claims based on (a) and (c), and *part* of the claims based on (b), was in plaintiffs' response to Knight's summary judgment motion. I conclude that it is too late for plaintiffs to raise this argument.[2] *See Bloch v. Frischholz*, 587 F.3d 771, 784 (7th Cir. 2009) ("[A]ny arguments . . . raised for the first time in [a] motion to reconsider are waived.").

Next, plaintiffs argue that I erred in following the Second Circuit's holding in *United States v. Finnerty*, 533 F.3d 143 (2d Cir. 2008) ("*Finnerty III*"), instead of the "controlling legal authority" set forth in *United States v. Ashman*, 979 F.2d 469 (7th

---

[2] I am not persuaded that the Seventh Circuit's recent opinion in *Costello v. Grundon*, -- F.3d --, 2010 WL 4055563 (7th Cir. Oct. 18, 2010) dictates a result to the contrary. In *Costello*, the Seventh Circuit made clear that a district court may not decide a motion for summary judgment based on an argument raised for the first time in the movant's reply brief. Because I am not deciding a motion for summary judgment based on an argument raised for the first time in reply, *Costello* is distinguishable from this case.

3

Cir. 1992). Plaintiffs failed to raise *Ashman* in their response to Knight's summary judgment motion (or in their multiple post-reply filings). A motion to reconsider should not serve as the occasion to tender new legal authority for the first time. *Publishers Res., Inc. v. Walker-Davis Publ'n, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). I reject the notion that *Ashman* (which involves brokers and does not involve the kind of specialists at issue here) is "controlling," and given the extensive briefing in this case, I conclude that any arguments relating to *Ashman* should have been raised during summary judgment briefing. *See Bloch*, 587 F.3d at 784.

Plaintiffs also re-argue that Section 10b-5(b) is not limited to cases involving fiduciaries or cases involving express misrepresentations. Further, they argue that plaintiffs and Knight had a fiduciary-type relationship. Plaintiffs simply rehash their previous arguments already presented at summary judgment and have not convinced me that my earlier analysis needs to be changed.

In addition, plaintiffs argue the court erred in not finding that a "fraud-on-the-market" theory of reliance is applicable in this case. Plaintiffs argue that, even without evidence that they actually relied on Knight's misrepresentations, their reliance can be presumed under a fraud-on-the-market theory. Having reviewed the parties' summary judgment briefing, I conclude that plaintiff's argument has been waived. *See Bloch*, 587 F.3d at 784. Had

4

plaintiffs wished me to consider their argument that reliance must be presumed under a fraud-on-the-market theory, they should have raised this argument when they discussed *Finnerty III*'s requirements for express misrepresentations (which included a requirement of reliance) in their response brief. Motions to reconsider are not a mechanism to allow parties to make arguments they could have raised in the original briefing.

Finally, plaintiffs rehash their argument that quotes themselves amount to an express misrepresentation. The court considered this argument on summary judgment, and plaintiffs may not re-argue it here.

For all the foregoing reasons, plaintiffs' motion to reconsider [800] is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 4, 2010