Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 397 | **DATE** | 1/21/2011 |
| **CASE TITLE** | Last Atlantis, et al. vs. AGS Specialist Partners, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion to clarify [840] is granted. Defendants SIG, AGS, Bear and TDO's motion for final judgment pursuant to Rule 54(b) [849] is denied without prejudice. Pursuant to the final paragraph below, defendants, if they so choose, may file motions for summary judgment by February 11, 2011. Responses are due March 4, 2011 and replies are due March 18, 2011. Target date for ruling by mail set for 4/25/11.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

On December 16, 2010, plaintiffs moved to clarify my March 26, 2010 and November 4, 2010 summary judgment orders in which I relinquished supplemental jurisdiction over certain state law claims [840]. In those orders, I relinquished supplemental jurisdiction over certain state law claims pursuant to 28 U.S.C. § 1367(c)(3), which specifies that a federal court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In their motion, plaintiffs argue that I did not have authority to relinquish supplemental jurisdiction over these state law claims because all federal claims against all defendants were not dismissed. All the defendants, except Knight, argue that I should elect to retain jurisdiction over the state law claims and maintain that I should summarily dismiss those state claims based on my earlier rulings. Knight's primary argument is that I no longer have supplemental jurisdiction over the state law claims against Knight because those claims are not part of the same "case or controversy" as the remaining federal claims against the other defendants. As explained below, plaintiffs' motion is granted to the extent it requests that I reinstate all state law claims that I dismissed in my previous summary judgment orders. The other relief plaintiffs request is denied as moot.

I first address Knight's contention that I no longer have supplemental jurisdiction over the state law claims against it. Section 1367 provides that when a district court has original jurisdiction over an action, the court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Two claims are part of the same case or controversy if they 'derive from a nucleus of operative facts. A loose factual connection is generally sufficient.'" *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007) (quoting *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). A common nucleus of operative fact will generally exist if "considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding[.]" *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

| **STATEMENT** |
|:---:|

The issue, therefore, is whether the state claims against Knight derive from the same nucleus of operative facts as plaintiffs' federal claims. Neither side has disputed that the state law claims against Knight (breach of contract, common law fraud, breach of fiduciary duty, Illinois Consumer Fraud and Deceptive Business Practices Act, tortious interference with business relationships and contracts) share the same nucleus of operative facts as the federal claim (Rule 10b-5 claim) against Knight. Therefore, I certainly had supplemental jurisdiction over Knight's state law claims prior to my summary judgment ruling. Importantly, the Seventh Circuit has stated that a district court does not automatically lose supplemental jurisdiction over state claims once summary judgment is granted on any federal claims. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999) ("[O]ur case law makes clear that the district court did not automatically lose [supplemental] jurisdiction once it granted summary judgment on [plaintiff's federal claim]."); *United States v. Zima*, 766 F.2d 1153, 1158 (7th Cir. 1985) ("Once power [to adjudicate supplemental claims] is rightfully conferred, the district court retains the power to consider the ancillary claims."). While Knight wants me to frame the question as whether or not the state law claims against it stem from the same nucleus of operative facts as the remaining federal claims against the other defendants, Knight has simply failed to provide any persuasive, on-point authority for its argument. The only case Knight cites, *Adkins v. Illinois Central Railroad Co.*, 326 F.3d 828 (7th Cir. 2003), does not support its novel argument, but rather supports the general notion that a court has supplemental jurisdiction over state law claims which are part of the same case or controversy as the federal claim(s). In the end, Knight has not developed this argument in any meaningful way and has failed to support it properly.

Based on the above, I conclude that I had supplemental jurisdiction over the state law claims. The next question is whether or not I had the authority to decline to exercise that jurisdiction. Plaintiffs assert that I did not have such authority because I did not dismiss all federal claims against all defendants. *See Hansen v. Board of Trustees of Hamilton Southeastern Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008) ("[T]he district court's discretion to relinquish jurisdiction under § 1367(c)(3) was never triggered, because the court did not dismiss all claims over which it had original jurisdiction). In the end, I need not decide whether I had the authority to decline to exercise supplemental jurisdiction because I conclude that I will amend my earlier summary judgment rulings and retain jurisdiction over the state law claims. This case is entering its seventh year. The court and the parties have expended tremendous time and resources in litigating this matter. Given this, forcing the parties to start from scratch in state court, which would necessarily entail duplicating efforts already made in this court, would be quite onerous to both sides. In addition, plaintiffs and all defendants except Knight agree that I should retain jurisdiction over the state law claims I dismissed in my summary judgment rulings. In light of all these factors, I have reconsidered my earlier rulings and now conclude that I will continue to exercise supplemental jurisdiction over the state law claims I dismissed in my March 26, 2010 and November 4, 2010 summary judgment rulings. While I recognize that plaintiffs did not promptly raise this issue, I decline to find waiver here, given that I have concluded that my earlier rulings were in error with respect to the exercise of supplemental jurisdiction.

Finally, in their response to plaintiffs' motion, defendants attempted to argue that I should summarily dismiss certain state law claims based on my earlier summary judgment rulings. I agree with plaintiffs that this would be improper. However, it does seem likely that my summary judgment rulings on the federal claims will be dispositive of most, if not all, of the state law claims I previously dismissed. In light of this, I will allow defendants an opportunity to file summary judgment motions directed at the state law claims I have now reinstated in the case. If they so choose, defendants may file motions for summary judgment (and supporting memoranda and materials) on or before February 11, 2011. Responses are due March 4, 2011 and replies are due March 18, 2011.

In a separate motion, defendants SIG, AGS, Bear and TDO have moved for final judgment pursuant to Rule 54(b) [849]. Rule 54(b) provides "a practical means of permitting an appeal to be taken from one or more

| STATEMENT |
|---|
| final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956). However, defendants have not provided me with any legal argument as to why their motion should be granted. This motion is denied without prejudice. If defendants choose to refile this motion, they must include legal argument in support, and also address whether or not such a motion is timely. |
| |