Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 397 | **DATE** | 6/6/2011 |
| **CASE TITLE** | Last Atlantis Capital LLC, et al. vs. AGS Specialist Partners, et al. | | |

**DOCKET ENTRY TEXT**

Knight Financial Products, Inc.'s motion for summary judgment [869] is granted in part and denied in part; Susquehanna International Group LLP, Susquehanna Investment Group, AGS Specialists LLC, Bear Wagner Specialists LLC, and TD Options, LLC's (collectively "the Remaining Defendants") motion for summary judgment [871] is granted in part and denied in part; Goldman Sachs Execution & Clearing, L.P. and SLK-Hull Derivatives LLC's ("the Goldman Defendants") motion for summary judgment [874] is granted in part and denied in part. The various motions to strike [929,947] are denied as moot as they related to issues I did not need to reach in deciding these summary judgment motions.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On January 21, 2011, I allowed defendants to file limited summary judgment motions on the state law claims. I made clear that I would only consider arguments which were specifically based on my two earlier summary judgment rulings in this case. I will not decide the current summary judgment motions based on any new arguments.

All defendants, arguing that the plaintiffs' breach of contract claims should be dismissed, assert that such claims are foreclosed by my statement in my summary judgment rulings that quotes generated by the specialist defendants were not evidence that defendants "actively solicited" plaintiffs as customers. I disagree. I made these statements in the context of a fiduciary duty analysis, which had nothing to do with contracts, and neither side was arguing that a contract had been formed between the plaintiffs and the respective defendants. Despite defendants' attempt to argue otherwise, I never addressed (much less rejected) plaintiffs' contract theory that every price quote by an option specialist constitutes an offer to enter into a contract.

I now turn to the common law fraud and ICFA claims and address each group of defendants in turn. To the extent plaintiffs base their common law fraud and ICFA claims against the Goldman Defendants on the same statements I considered in my November 2010 opinion, those claims are dismissed. In responding to the Goldman Defendants' motion, plaintiffs assert that they have additional bases for their common law fraud and ICFA claims. While the Goldman Defendants present multiple arguments against these additional bases, only one of their arguments is based on my earlier rulings. They argue that plaintiffs are collaterally estopped from "relitigating the issue of whether the Goldman Defendants engaged in fraud" in light of my earlier ruling that plaintiffs waived any additional bases for their federal securities fraud claim. Gold. Defs.'s Reply at 5. I disagree. None of the defendants, in moving for summary judgment originally, presented any substantive arguments with respect to the state law claims. Thus, plaintiffs did not have an obligation to point out all the bases for the state law claims because the defendants never argued the state law claims on their merits. As a

result, I conclude that my earlier finding of waiver does not apply to the state law claims.[1]

RNI, Rule and Speed's common law fraud and ICFA claims against Knight, based on Knight's statements identified in the March 2010 opinion, are dismissed. The next question is whether Martin and Last Atlantis' failure to prove reliance in the original summary judgment briefing means that they cannot come forward now, in the context of the common law fraud and ICFA claims, and present evidence of reliance on Knight's statements concerning "best execution." I conclude that my two earlier rulings do not foreclose Martin and Last Atlantis' common law fraud and ICFA claims based on Knight's "best execution" statements. As those plaintiffs point out, their evidentiary failure with respect to proof of reliance occurred in the context of their federal securities claims. Knight raised no substantive arguments on the state law claims and Knight has presented no persuasive reason why, in prosecuting their state law claims, these plaintiffs should be limited to the evidence they presented in support of their separate federal claims. As a result, Martin and Last Atlantis' common law fraud and ICFA claims based on Knight's statements regarding "best execution" are not foreclosed by my earlier rulings. In reply, Knight also argues that my conclusion that plaintiffs failed to show that they had direct dealings with the defendants forecloses plaintiffs' "unfair practices" claim. In a quite convoluted argument, Knight maintains that my finding that plaintiffs did not have direct dealings with defendants must mean that plaintiffs cannot prove that Knight intended for the plaintiffs to rely on any unfair or deceptive acts. I disagree that my earlier findings foreclose the possibility of plaintiffs proving intent.

Turning to the Remaining Defendants, RNI, Rule and Speed's common law and ICFA claims against the Remaining Defendants, and Martin's common law and ICFA claims against AGS, to the extent they are based on the statements discussed in my November 2010 opinion, are dismissed.

Next, defendants ask that I dismiss the breach of fiduciary duty claims brought against them because I have already held that plaintiffs failed to provide evidence of a fiduciary duty. Plaintiffs respond that while I concluded that they failed to provide evidence of a "special trust," I did not address their other basis for arguing that a fiduciary duty exists between the parties: namely, that the defendants acted as agents for the plaintiffs. Looking back on my earlier rulings, the March 2010 opinion does not address agency in discussing fiduciary duty, and my November 2010 opinion noted in a footnote that plaintiffs had waived the agency issue. I conclude that my earlier summary judgment rulings do not conclusively foreclose a claim for breach of fiduciary duty based on an agency theory.[2] I found waiver of the agency issue as it related to plaintiffs' federal claims, and I do not conclude that that waiver should carry over to plaintiffs' breach of fiduciary duty claims. Plaintiffs' breach of fiduciary duty claims based on "special trust" are, however, clearly foreclosed by my earlier rulings.

Finally, I reject the defendants' argument that my earlier summary judgment rulings dictate that plaintiffs' claims based on tortious interference with contracts and tortious interference with business relationships must be dismissed. Referencing my conclusion that plaintiffs failed to show that the plaintiffs had any direct dealings with any of the defendants, defendants argue that they could not have been aware of any contracts or business expectancies that plaintiffs had with third parties. I disagree. The fact that there is no evidence that plaintiffs and defendants had any direct dealings says nothing about whether or not defendants were aware of plaintiffs' contracts or business expectancies with third parties.

---

1. To the extent the other defendants make the same argument, I similarly reject it. I further reject defendants' attempt to argue that "collateral estoppel" applies here, in light of the fact that collateral estoppel "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to a judgment[.]" *Dexia Credit Local v. Rogan*, 629 F.3d 612, 628 (7th Cir. 2010). Clearly, collateral estoppel cannot apply in this case as there

is no prior case or litigation at issue here.

2. With respect to the Goldman Defendants, plaintiffs also argue that my earlier summary judgment rulings do not foreclose a breach of fiduciary duty claim based on the fact that the Goldman Defendants acted like a "traditional broker" for all plaintiffs except Last Atlantis. Because this was not addressed in my previous orders in the context of fiduciary duty, I do not conclude that it is foreclosed.