IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAST ATLANTIS CAPITAL, LLC, et al., | ) ) ) | Nos. 04 C 0397 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | JUDGE ELAINE BUCKLO |
| | ) | MAGISTRATE JUDGE ARLANDER KEYS |
| AGS SPECIALIST PARTNERS, et al., | ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM OPINION AND ORDER**

On September 28, 2011, Plaintiffs submitted a Status Report, and put forth a proposal during the status hearing, for Defendants to share in the costs of obtaining data from the Exchanges that Plaintiffs subpoenaed [985]. The Court allowed all Defendants to file a response to Plaintiffs' Status Report and proposal. Defendants rejected the proposal, asserting that there is neither reason nor precedent for requiring Defendants to share the costs incurred in connection with collecting data that Plaintiffs subpoenaed from third parties. For the reasons set forth below, the Court agrees with Defendants, and denies Plaintiffs' request to require Defendants to pay one-half of all the costs incurred by Plaintiffs in connection with the reimbursement of the Exchanges' production of audit trail data to Plaintiffs.

**DISCUSSION**

In light of both Judge Bucklo's and this Court's numerous previous decisions surrounding this matter, the Court presumes familiarity with the relevant background facts. *See Last Atlantis Capital, LLC, et al. v. Chicago Board Options Exchange, Inc.*, 455 F.Supp.2d 788 (N.D. Ill. 2006). All involved herein are aware that the linchpin of this entire matter, that is obtaining the necessary Exchanges' audit trail data for analysis, has been obfuscated long enough. Plaintiffs have vacillated on feasability, cost, and responsibility of procurement, while Defendants have steadfastly maintained that they have no independent need for the information, except for rebuttal purposes.

During the Status Conference before this Court on September 28, 2011, in an effort to accelerate this protracted litigation, the Court made the suggestion that the Defendants aiding in half the costs of obtaining the audit trail data would be reasonable. Dkt. No. 989. Not surprisingly, Defendants rejected the suggestion. The time to take a definitive stance on the issue has arrived, and the Court finds that mandatorily allocating to Defendants half of Plaintiffs' costs incurred in connection with Plaintiffs' subpoenas to the Exchanges is unwarranted. If Plaintiffs are to proceed, they must independently obtain the Exchanges' data for analysis.

Plaintiffs rely on this Court's earlier status conference suggestion, the Sedona Conference Commentary, and several court opinions, all of which fail to strongly, if at all, support their contention that the sharing of costs is appropriate. Plaintiffs first point to this Court's comments during the September 28, 2011 Status Conference as evidence that costs should be shared. During that conference, the Court admits to suggesting to Defendants that Plaintiffs' proposal of cost sharing sounded "reasonable". Tr. At 9:05, 20:01 However, those comments were made to encourage movement within this stagnant litigation. It was purely a suggestion for Defendants to take into consideration. Defendants immediately renounced the proposal, and once the Court was able to further research the precedent surrounding cost-sharing, the Court too rejects Plaintiffs' cost-sharing proposal.

Both the Sedona Conference Commentary and case law that Plaintiff relies upon fail to support the notion of a non-requesting, opposing party being required to aid a requesting party in funding its efforts to obtain third-party data. Plaintiffs' reliance upon the Sedona Conference Commentary on Non-Party Production & Rule 45 Subpoenas, 9 Sedona Conf. J. 197 (2008), is especially curious, as it is almost entirely irrelevant to the instant matter. The Commentary does not bolster Plaintiffs' position that a party seeking information from a non-

party can, or should, expect the opposing party to contribute to the expenses. Instead, the Sedona Conference Commentary is largely concerned with the burden being placed on a non-party to produce information. *Id*. at 198-199. Its discussion of cost-shifting focuses on the shifting of costs from a non-party back to the party serving the subpoena, as it proclaims that "[t]hird parties should not be required to subsidize litigation in which they have no stake in the outcome." *Id*. at 199.

The Sedona Conference Commentary's only reference to cost-sharing between two parties is in a list of best practices, which includes a suggestion that parties meet and confer to "*address*" cost-sharing, amongst other things, in their initial Rule 26(f) conference. *Id*. at 201 (emphasis added). Plaintiffs acknowledge that, on July 14, 2011, the parties did just that. Plaintiffs scheduled and conducted a Rule 26(f) conference call and addressed the idea of cost-sharing, to which Defendants "insisted that they should only have to pay 'incremental' costs of making 2 sets of the data." 9/28/11 Status Report at 16. The Commentary only suggests a discussion of cost-sharing amongst the parties, it does not provide any grounds for forcing Defendants to accept the proposal. Moreover, the Commentary declares that "[c]ost-shifting or cost-sharing are inconsistent with the so-called "American Rule" that each party bears its own litigation costs. The party seeking cost-shifting or cost-sharing bears the burden

4

of overcoming that presumption." This Court finds that Plaintiffs have not met their burden, and should bear their own litigation costs.

Plaintiffs cite to several court opinions, all of which miss the mark as they each address the issue of cost-sharing amongst the requesting party and the producing party, not between a requesting party and a non-requesting, non-producing opponent in the underlying litigation, such as with Defendants. Most extraneous is Plaintiffs' citation to two opinions which outline a thorough eight-factor test to aid courts in determining to what extent, if any, they should look to require the shifting or sharing of costs related to the production of electronic information. *See Wiginton v. CB Richard Ellis, Inc.*, 229 F.R.D. 568, 573 (N.D. Ill 2004)(District Court held that relevant factors favored sharing costs of electronic discovery requested by plaintiffs, several female employees alleging sexual harassment, with defendants, the employer and producing party of the requested e-discovery); and *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 320 (S.D.N.Y. 2003). However, neither of these cases discuss cost-sharing between a requesting party and a party such as Defendants who is neither producing nor requesting, and has no independent need for the data. Moreover, not one case that Plaintiffs cite to requires the defendant to share the costs of obtaining discovery from third parties. Because Plaintiffs have

failed to provide any law or reason to the contrary, the Court finds the normal approach that each party bears its own burden of litigation most appropriate.

Although Defendants have consistently argued otherwise, Plaintiffs assert that Defendants' need for the audit trail data is much greater than they claim. This argument is futile, for it is indeed Plaintiffs' burden to prove what they have alleged against Defendants, and whatever costs are incurred in doing so, these costs must be borne by the party seeking the information – Plaintiffs. This Court acknowledges that "Defendants have substantially more resources than Plaintiffs", unfortunately for Plaintiffs though, that is a fact that this Court cannot consider. 9/27/2011 Status Report at 16. This court will not force the Defendants to pay for the evidence that Plaintiffs need in order to prove their case against Defendants. Defendants have requested and offered to pay for the costs of copying the data Plaintiffs seek, not because they need it, but "to ensure that the integrity of the data is maintained and that the data will be available to them if and when Defendants are required to challenge Plaintiffs' assertions" Defs.' Response at 5. The Court finds this to be an equitable arrangement, and believes it should allay any of Plaintiffs concerns that they will be forced to provide Defendants "with 'free copies of the records' they obtained." Pls.' Reply at 14 (citing *Antoine v. Wexford Med.*

Serv., 2009 WL 130282 (S.D. Ill. Jan. 18, 2009).

## CONCLUSION

For the reasons set forth above, Plaintiffs' proposal that Defendants pay one-half of all costs incurred by Plaintiffs in pursuing third-party discovery [985] is Denied.

DATED: December 5, 2011          ENTERED:

*[signature: Arlander Keys]*
ARLANDER KEYS
United States Magistrate Judge