IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAST ATLANTIS CAPITAL, LLC, et al., | ) ) | Nos. 04 C 0397 |
| | ) | 05 C 5600 |
| Plaintiffs, | ) | 05 C 5671 |
| | ) | |
| vs. | ) | JUDGE ELAINE BUCKLO |
| | ) | MAGISTRATE JUDGE ARLANDER KEYS |
| AGS SPECIALIST PARTNERS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is currently before the Court on a motion, filed by non-party Ivan Kline, to modify a subpoena served on him by the plaintiffs. The motion, filed in the District Court for the Southern District of New York, was referred to this Court, because of its familiarity with the case. For the reasons explained below, the Court grants Mr. Kline's motion to modify the subpoena.

### Discussion

Ivan Kline served as primary outside counsel for the American Stock Exchange LLC ("AMEX"), formerly a defendant in this lawsuit. AMEX has been officially out of the case for six years. When the plaintiffs moved recently for additional time to obtain discovery from AMEX, AGS opposed the motion, arguing that the plaintiffs had squandered the time the Court gave them and should not be permitted an extension. In fact, AGS moved to

dismiss the case because of the plaintiffs' failure to prosecute their case and their repeated failure to comply with Court orders and schedules. Along with its opposition, AGS submitted a declaration from Mr. Kline indicating that the plaintiffs had made no efforts to obtain discovery during the time allotted by the Court. In response, the plaintiffs subpoenaed Mr. Kline. Mr. Kline moved in the issuing court (the Southern District of New York) to quash or modify the subpoena and the presiding judge there has represented that she will defer to this Court on the matter, given this Court's experience and involvement with the case.

Generally speaking, discovery in federal court is broad; the Federal Rules allow parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Nevertheless, courts must limit discovery where, *inter alia*, "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case [and] the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). Additionally, Federal Rule of Civil Procedure 45, which governs subpoenas, provides that, "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). In determining whether the subject of a subpoena is being subjected to "undue

2

burden," courts consider a number of factors, including the person's status as a non-party, the relevance of the discovery sought, the subpoenaeing party's need for the documents, the breadth of the request and the burden imposed on the subpoenaed party. *E.g., Robinson Steel Co., Inc. v. Caterpillar, Inc.*, No. 2:10-CV-438-JTM-PRC, 2012 WL 5903769, at *3 (N.D. Ind. Nov. 21, 2012)(citing *WM High Yield v. O'Hanlon*, 460 F.Supp.2d 891, 895–896 (S.D. Ind.2006)).

The subpoena served on Mr. Kline requires him to appear for deposition and to bring with him all documents concerning his declaration, as well as all documents, including emails and ESI, concerning any nonprivileged communication Mr. Kline had with any party, any attorney for any party, or any other person, from March 22, 2007 to the present concerning any claims or defenses asserted in this lawsuit; any communications between Mr. Kline and the AMEX or between Mr. Kline and the other exchanges during that same six year period; all documents regarding requests to produce documents and ESI, including audit trail data; and various other categories of documents that all go far beyond the scope of anything remotely relevant to Mr. Kline's declaration. After the subpoena issued and after Mr. Kline filed his motion, however, the two sides were able to negotiate much of their dispute. In particular, Mr. Kline and the plaintiffs agreed that Mr. Kline would:

>produce documents and appear for a deposition limited
>to 2½ hours of direct examination concerning the
>following topics: (1) the circumstances of how Mr.
>Kline gave his August 1, 2012 declaration concerning
>discovery in the Action; (2) non-privileged
>communications Mr. Kline had with plaintiffs' counsel
>and/or with the defendants and/or their counsel
>concerning Amex data and/or plaintiffs' or defendants'
>efforts to obtain or preserve such data, including
>discovery requests served on the Amex; and (3) Mr.
>Kline's knowledge – if any – about the circumstances
>and timing of Amex's overriding or preservation of
>audit trail data and Merged Orders Log data if such
>knowledge was previously communicated to plaintiffs or
>defendants or their respective counsel.

November 28, 2012 Letter from Mary H. Dontzin to the assigned judge in the Southern District of New York, p. 2 (attached as Exhibit B to the Declaration of Mary H. Dontzin in Support of Motion of Non-Party Ivan Kline to Modify a Subpoena for Deposition Testimony and Production of Documents).

    One sticking point remains.  Counsel for Mr. Kline framed the issue as follows (and she represented that plaintiffs' counsel agreed to the characterization): in addition to providing discovery regarding non-privileged communications he had with plaintiffs' counsel and/or defendants and/or their counsel concerning Amex data and the parties' efforts to obtain or preserve such data, the plaintiffs want Mr. Kline to produce documents and give deposition testimony "regarding any non-privileged communications Mr. Kline had with defendants and their counsel that concern this litigation in general (as opposed to limiting it to communications concerning Amex data and/or

plaintiffs/ or defendants' efforts to obtain or preserve such data) . . . ." *Id.* Counsel for Mr. Kline wants to limit the issue as described above.

At a hearing on October 26, 2012, the Court observed that the plaintiffs had:

> demonstrated an adequate reason for having to take the deposition of Mr. Kline, because counsel did indicate on the record at the last hearing that he was relying principally on – in support of his motion was the affidavit of Mr. Kline, which you haven't taken his deposition, and I think it would prejudicial to you not to allow you to take that deposition before you have to respond to that motion to dismiss because the motion to dismiss, is obviously, as we all know, a very drastic remedy.

Transcript of Proceedings, pp. 9-10. But nothing in the Court's ruling suggests that it was willing to give the plaintiffs *carte blanche* in obtaining discovery from Mr. Kline; on the contrary, the Court clearly tied its decision to allow additional discovery to the motion to dismiss and the declaration submitted by Mr. Kline in support of that motion.

The Court agrees that what the plaintiffs seek is unreasonable under the circumstances. Given that Mr. Kline is not a party, given the reasons the plaintiffs served him with a subpoena in the first place, and given the Court's earlier observations as to why the plaintiffs are entitled to depose Mr. Kline at this juncture, the scope of discovery proposed by Ms. Dontzin is reasonable, fair and even generous. The scope of discovery sought by the plaintiffs is too broad; the Court is not persuaded that the discovery sought would do

5

anything to advance the ball in this very old case; on the contrary, the discovery would lend nothing to the resolution of the issues involved.

Quite simply, communications and documents relating to anything other than Mr. Kline's declaration and the parties' dealings with respect to the subject data is irrelevant to these proceedings. The plaintiffs have attempted to paint Mr. Kline as biased, working surreptitiously in concert with the defendants. Even if true, the Court fails to see the import of this; on the motion to dismiss, the relevant question is the extent of the efforts made by the plaintiffs to obtain the subject discovery from the AMEX. There is no suggestion that Mr. Kline somehow thwarted the plaintiffs' efforts because of his alleged relationship with the defendants. Indeed, along with their response, the plaintiffs submitted a copy of an order issued by the SEC in 2007, which sanctioned the AMEX "for failing to properly surveil for, and enforce, Exchange Rules against options specialists." Friedman Declaration, ¶4 (see also, Exhibit D attached thereto). The Court declines the invitation to go down this rabbit hole; the theory of relevance here is, at best, extremely convoluted and tenuous.

## Conclusion

For the reasons set forth above, the Court grants Mr. Kline's motion to modify the subpoena served on him. The scope of discovery is limited to the three issues spelled out in Ms. Dontzin's November 28, 2012 letter; the Court rejects the plaintiffs' argument that they should be permitted to obtain discovery from Mr. Kline concerning this Action generally.

6

Having so decided, the Court has determined that it need not hear further from Mr. Kline, and his request to file a reply brief is denied as moot.

Date: January 17, 2013

E N T E R E D:

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT