## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LAST ATLANTIS CAPITAL LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 04 C 0397 |
| | ) | |
| v. | ) | Judge Bucklo |
| | ) | |
| AGS SPECIALISTS, LLC, et al., | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On September 29th, after hearing extended oral argument on the defendants' Motion to Compel the Deposition of Robert DeMeritt [Dkt. 1320], I granted the motion. [Dkt. 1327]. In essence, I agreed with the defendants' assessment that Mr. DeMeritt was potentially a very significant witness might well be essential to the defense case given what was his apparent role in the gathering and creating of information that was significant to the plaintiffs' damage case. I explained to Mr. Friedman, counsel for the plaintiffs, that having practiced law for an extended period of time and now having been a judge for almost a decade, I firmly believed that it was not a court's role to second guess a lawyer's assessment of the importance of any witness to the case. While a judge might disagree with the lawyers' assessment, the inescapable reality is that he is not in a position to make an informed judgment. Nor should he.

Ours is an adversarial system, *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 596 (1993); *Alioto v. Town Of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011); *Minemyer v. B-Roc Representatives, Inc.*, 2009 WL 3464141, 3-4 (N.D.Ill. 2009)(collecting cases), and thus it is not for a judge to assume a proactive role and second guess a lawyer's decision about the strategy to be

employed or the relative importance of a particular witness.

Hence, when the defendants' lawyers made the case for why Mr. DeMeritt was, in their view, a vitally important witness, I refused to gainsay that judgment. But I also noted that the plaintiffs' lawyers were not without blame for any lateness in defendants having sought to depose Mr. DeMeritt. Although Mr. Friedman adamantly denied having intentionally misled the plaintiffs' lawyers, – indeed, or having misled them at all even unintentionally – the evidence was more than sufficient to show that he successfully gulled his opponents into thinking that Mr. DeMeritt wasn't all that important. Additionally, In fact, for a very long time he obdurately refused to even identify Mr. DeMeritt by name despite specific defense requests. *Compare Crosby v. Buchanan*, 90 U.S. 420, 454 (1874) ("It has been rightly said that in a court of conscience, honesty of purpose prompts frankness of statement; concealment is indicative of fraud").

And finally, it seemed to me that Mr. Friedman's extraordinary (and arguably improper) efforts to keep Mr. DeMeritt's identity from the plaintiffs was, itself, rather significant evidence of his potential importance to the case, thereby validating the defendants' lawyers' assessment of the need to take his deposition. *Compare United States v. Ladish Malting Co.,* 135 F.3d 484, 490 (7th Cir.1998)("The prosecutor must have thought that the instruction mattered; why else so vigorously oppose Ladish's request for an actual-knowledge instruction").[1]

These principles are ignored by the motion to reconsider, which instead takes the reader on a tour of selected passages from 12 of my previous opinions (and a number of Seventh Circuit opinions) apparently designed to show that my decision in this case is contrary to principles about

---

[1]And while one might say that it is nothing but a kind of circumstantial proof, that species of evidence is often more compelling than direct evidence. *Desert Palace, Inc. v. Costa*, 539 U.S.90,100 (2003); *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330 (1960).

the proper scope of a reply brief, late filed motions for relief in discovery, etc., etc. relied on in those cases.

There are two rather obvious flaws in this approach. First, "general propositions do not decide concrete cases." *Lochner v. New York*, 198 U.S. 45, 76 (1905)(Holmes, J., dissenting). *See also Daubert v. Merrell Dow*, 509 U.S. 579, 598 (1993)(Rehnquist, C.J., concurring in part and dissenting in part)("'general observations'" suffer from the common flaw that they are not applied to the specific matter and "therefore they tend to be not only general, but vague and abstract."); *Wisehart v. Davis*, 408 F.3d 321, 326 (7th Cir. 2005)(Posner, J.)("General language does not decide particular cases, as Holmes liked to say."). Second, and perhaps more importantly, the decision to have Mr. DeMeritt available to be deposed at some point over the next several months was nothing more than a routine discovery decision like that made by hundreds of judges throughout the United States on a daily basis. It, like other discovery disputes, falls within the extraordinarily broad range of discretion invested in judges by the Federal Rules of Civil Procedure. *Cf. Crawford-El v. Britton,* 523 U.S. 574, 598 (1998); *Semien v. Life Insurance Co. of N.A.,* 436 F.3d 805, 813 (7th Cir. 2006).

But discretion denotes the absence of a hard and fast rule. *Langnes v. Green*, 282 U.S. 531, 541 (1931); *Rogers v. Loether*, 467 F.2d 1110, 1111-12 (7th Cir. 1972)(Stevens, J.). Under this standard, a court must act "with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." *Langnes,* 282 U.S. at 541. An abuse of discretion occurs when no reasonable person could agree with the district court's decision. *Adamas v. City of Indianapolis*, 742 F.3d 720, 727 (7th Cir. 2014); *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013); *Slaton v. Raleigh*, 1998 WL 684210, 2 (N.D.Ill. 1998)(Bucklo, J.).

Consequently, while a decision in a particular case may be helpful, it is seldom dispositive in another case involving a court's exercise of discretion since on a virtually identical set of facts, two decision makers can arrive at opposite conclusions, both of which can constitute appropriate exercises of discretion, and both be affirmed on appeal. *Mejia v. Cook County, Ill.*, 650 F.3d 631, 635 (7th Cir. 2011); *United States. v. Banks,* 546 F.3d 507, 508 (7th Cir. 2008). *Cf. United States v. Bullion,* 466 F.3d 574, 577 (7th Cir.2006)(Posner, J.) ("The striking of a balance of uncertainties can rarely be deemed unreasonable....").

These principles have application to issues involving untimely filed motions for discovery which the plaintiff insists is, *inter alia*, involved in this case. But even here there is no absolute uniformity of decision that deprives a judge of the ability to make accommodations and requires substitution of a rule for a discretionary decision. For example, in *In Re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320 (N.D.Ill. 2005), which is cited in Mr. Friedman's brief at pp. 2, 10 and 11, I said:

> The Federal Rules of Civil Procedure place no prescribed time limit on the outside date for filing a motion to compel discovery. In one regard, however, a line of sorts has been sketched by a series of decisions: motions to compel filed after the close of discovery are almost always deemed untimely.

But the footnote pointed out:

> But even here the line meanders, and motions made after the close of discovery are not inevitably out-of-bounds. *See e.g., Blanchard v. EdgeMark Financial Corp.,* 192 F.R.D. 233, 235 (N.D.Ill.2000) (30 days not too late); *Gault v. Nabisco Biscuit Co.,* 184 F.R.D. 620, 622 (D.Nev.1999); *Shamis v. Ambassador Factors Corp.,* 34 F.Supp.2d 879 (S.D.N.Y.1999)(No unreasonable delay where motion to compel was filed four days after the close of discovery).

The Opinion went on to say:

Greater uncertainty occurs where the motion is made very close to the discovery cut-off date. Some districts by local rule have imposed time limits within which motions to compel must be brought. ... Most, however, have no such rules, and the matter is left to the broad discretion possessed by the district courts to control discovery.

How is that discretion to be exercised? Is a motion to compel filed four days before the close of discovery too late? At least one court has said it is. *Ridge Chrysler Jeep, LLC v. Daimler Chrysler Services North America, LLC,* 2004 WL 3021842 (N.D.Ill.2004). What if the motion had been made six or perhaps twelve days before the close of discovery? Would the result have been different? Is a week the proper cut-off point, or perhaps two weeks? To pose the question is to demonstrate that there is no principled or mathematical way of determining in advance in every case when a motion to compel should be deemed untimely based upon an arbitrarily prescribed number. As Justice Cardozo said in another context, "[w]here the line is to be drawn between the important and the trivial cannot be settled by a formula." *Jacob & Youngs, Inc. v. Kent,* 230 N.Y. 239, 243, 129 N.E. 889 (1921). *Compare, Louisville Gas & Electric v. Coleman,* 277 U.S. 32, 41 (1928)(Holmes, J., dissenting). The answer then must necessarily be found in the entire complex of circumstances that gave rise to the motion, and what is untimely in one case may not be in another.

*In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. at 332-333.

These identical principles were expressed in *Miller v. Lenz*, 210 WL 252287 (N.D.Ill. 2010), which is also cited three times in the plaintiffs' Memorandum in Support of its Motion to Reconsider. [Dkt. 1331 at 3, 12, 13]. In short, there is nothing either in the opinions that I have authored cited by Mr. Friedman or in the other decisions cite din the brief that warrant reconsideration of my discretionary decision that Mr. DeMeritt should be deposed.

More recently, in *Cleversafe v. Amplidata*, 11 C 04890, over objection I ordered a Mr. Gladwin to be deposed, noting "it would not be an appropriate exercise of discretion to bar any deposition of Mr. Gladwin given his centrality to the case because the defendant has not yet taken the deposition." [Dkt. 291]. There, like here, I concluded after making a complete assessment of all of the relevant circumstances that the deposition should proceed. In that case, like this one, the

appropriate exercise of discretion was not to be made based on an in flexible application of one or more rules divorced from the circumstances of the case. There, as here, I concluded that a Procrustean application of the Federal Rules of Civil Procedure would be improper and would subvert the search for truth, which is the *desideratum* of the Federal Rules of Civil Procedure. *See Musser v. Gentiva Health Services*, 356 F.3d 751, 759-760 (7ᵗʰ Cir. 2004)("' In the normal course of events, justice is dispensed by the hearing of cases on their merits.'"); *Sun v. Board of Trustees of University of IL,* 473 F.3d 799, 811-812 (7ᵗʰ Cir.2007); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 779 (7ᵗʰ Cir. 2007); *Hefferman v. Bass,* 467 F.3d 596 (7th Cir.2006); *Rice v. City of Chicago*, 333 F.3d 789, 785 (7ᵗʰ Cir. 2003); *Long v. Steepro,* 213 F.3d 983, 986 (7th Cir.2000).

Indeed, Rule 102 of the Federal Rules of Civil Procedure requires that the Rules be "construed to secure fairness in administration, elimination fo unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined." was to be applied. The answer then to any particular discovery problem like that involved here can only be found after a careful review of the entire complex of circumstances that gave rise to the motion. And what is untimely in one case may not be timely in another. And, whether there should be strict adherence to a deadline or schedule cannot be determined by any formula in advance, but must take into account all of the relevant circumstances underlying the motion.

## CONCLUSION

The Motion for Reconsideration misapprehends the discretionary nature of the decision to which it objects as well as the very nature of discretion itself. The Motion does not demonstrate that

the September 29, 2014 order contains a manifest errors of law or fact. Nor does it present newly discovered evidence. At bottom, Mr. Friedman simply doesn't like the fact that a potentially significant witness who also happens also to be a significant officer of the plaintiff company has been ordered to give a deposition.  That is not the basis for a motion for reconsideration. Disposition of a motion for reconsideration is left to the discretion of the district court, and its ruling will not be reversed absent an abuse of that discretion. *Billups v. Methodist Hosp.,* 922 F.2d 1300, 1305 (7th Cir.1991). The motion for reconsideration [Dkt. 1328] is baseless and it is denied.

**ENTERED:** _____
                **UNITED STATES MAGISTRATE JUDGE**

**DATE:** 10/17/14