UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAST ATLANTIS CAPITAL LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 04 C 397 |
| | ) | |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| AGS SPECIALIST PARTNERS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

This case is before the Court on the Susquehanna Defendants' motion to alter judgment [1640], and on the Chicago Board Options Exchange's motion for sanctions [1643]. Also before the Court is the Susquehanna Defendants' Bill of Costs [1647].

Background

As detailed in the May 2, 2017 opinion granting summary judgment for the Susquehanna Defendants, this case has a long and tortured history.[1] After more than a decade of litigation, however, this Court brought the case to resolution when it became clear that Plaintiffs possessed no competent evidence to prove their claims and thus could not proceed to trial. After this Court issued its decision and closed the case, the Susquehanna Defendants moved to alter the judgment to include an award of attorneys' fees, expenses and costs pursuant to the Private Securities Litigation Reform Act (PSLRA), Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Illinois Consumer Fraud Act. *See* [1640]. The CBOE, which

---

[1] This Court incorporates by reference, and presumes familiarity with, its prior opinion.

has been out of the case since March 22, 2007 (when the Court dismissed with prejudice the claims against it) also filed a motion asking the Court to impose sanctions pursuant to the PSLRA and Rule 11. *See* [1643]. Finally, the Susquehanna Defendants filed a bill of costs, seeking to recover $99,115.31 in deposition-related expenses and copying charges.

## Discussion

A. Defendants' Sanctions Motions

Under the PSLRA, "upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u–4(c)(1); *see also City of Livonia Emps' Ret. Sys. & Local 295/Local 851 v. Boeing Co.*, 711 F.3d 754, 757 (7th Cir. 2013). If the court concludes that there has been a Rule 11 violation, then it must impose sanctions on the party or attorney who violated the rule. 15 U.S.C. § 78u–4(c)(2); *Boca Raton Firefighters' & Police Pension Fund v. Devry Inc.*, No. 10 C 7031, 2014 WL 1847833, at *3 (N.D. Ill. May 8, 2014).

Rule 11 establishes that each time an attorney presents a pleading to the court, he "certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that (1) it is "not being presented for an improper purpose," (2) "the claims are warranted by existing law," and (3) "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). In determining whether to impose sanctions, a court "must undertake an objective

inquiry into whether the party or his counsel should have known that his position is groundless." *Cuna Mut. Ins. Soc. v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (citations and internal quotation marks omitted).

Turning first to the CBOE's motion, Plaintiffs' amended consolidated complaint alleged that the Exchange Defendants (including the CBOE) participated in a manipulative scheme with the specialist defendants by developing the technology that allowed the specialists to discriminate against them in violation of § 10b of the Exchange Act and SEC Rule 10b–5 (a) and (c), and that the Exchange Defendants made false and misleading statements regarding the operation of their markets in violation of Rule 10b-5(b). In dismissing the complaint, Judge Bucklo noted that Plaintiffs had lumped together all of the Exchange Defendants and therefore failed to allege specific factual information from which the court could draw an inference of scienter:

> [P]laintiffs' argument amounts to a suggestion that because these technological features exist at all, and because these features were subsequently abused by the specialist defendants, the exchange defendants must have developed these features in concert with the specialists as part of a scheme to defraud direct access customers. As discussed earlier, this type of result-based reasoning and unsupported speculation is insufficient to meet the requirements of the PSLRA, which requires plaintiffs to allege facts from which I could strongly infer scienter at the time the technology was developed.

[239] at 22-23. Judge Bucklo also noted that Plaintiffs "repeatedly argue in general terms that their complaint alleges in detail numerous misleading statements and omissions, but do not point the court to any specific misrepresentations in their complaint." [239] at 23. Accordingly, because the complaint's generalized

3

allegations lacked the specificity required under the PSLRA, the court granted the Exchange Defendants' motion to dismiss. Plaintiffs moved for reconsideration, and, although the Court allowed Plaintiffs to replead claims against the Specialist Defendants (which had also been dismissed), the court denied the motion for reconsideration as to the Exchange Defendants, stating as follows:

> As to the claims against the Exchange defendants, the proposed amended complaint fails to remedy the defects in pleading against these defendants. At most it says that the Exchange defendants provided equipment enabling the other defendants to violate federal securities laws and failed to enforce their rules or representations that orders would be filled promptly and automatically (although ironically, much of the basis for the motion to reconsider are orders issued by one of the Exchange defendants against certain specialist defendants). These allegations do not state a claim under Rule 10b-5. *See In re NYSE Specialists Securities Litigation*, 405 F. Supp.2d 281, 304 (S.D.N.Y. 2005), and cases previously discussed concerning pleading requirements. There is also no basis cited in the complaint upon which to conclude that the Exchange defendants made any misrepresentations with the required scienter. Essentially, plaintiffs argue that the Exchange defendants are guilty of providing equipment to the specialist defendants that enabled them to engage in the allegedly illegal conduct. This is an insufficient basis for a claim that these defendants knowingly participated in illegal conduct. The fact that plaintiffs believe there could have been no legitimate basis for providing the equipment does not provide a basis for believing that these defendants acted with scienter. After three attempts, I conclude that plaintiffs cannot state a viable federal claim against the Exchange defendants and the dismissal with prejudice will stand as to these defendants.

[284]. Although Judge Bucklo declined to allow Plaintiffs to replead their claims against the Exchange Defendants, her order does not suggest that she found Plaintiffs' claims to be frivolous—despite the fact that she had already dismissed the claims for essentially the same reason. *See* [103]. As a result, the record contains an insufficient basis to find a Rule 11 violation as to the CBOE.

Nor can the Court say that Plaintiffs' complaint was frivolous as to the Specialist Defendants, including the Susquehanna Defendants. Although Judge Bucklo initially dismissed the consolidated complaint as to all defendants, *see* [239], she subsequently granted Plaintiffs' motion to reconsider and allowed Plaintiffs to proceed against the specialist defendants, *see* [284]. Moreover, Judge Bucklo later declined to grant summary judgment on Plaintiffs' claims, *see* [966]. And, although this Court ultimately did grant summary judgment in favor of the Susquehanna Defendants, it did so because Plaintiffs failed to offer admissible evidence to prove each of the requisite elements of their claims, not because they lacked any factual basis for the claims. The record suggests that evidence to support the claims may exist, but Plaintiffs failed to gather or present such evidence in a way that satisfied the Rules of Evidence.

To be sure, Plaintiffs' management of their case left much to be desired. Counsel seemed to have little regard for the rules of evidence or this Court's orders. But at the end of the day, this Court cannot say that Plaintiffs acted in bad-faith in pursuing their claims. Plaintiffs' claims failed because Plaintiffs failed to marshal competent admissible evidence to support them. As the Court indicated in its summary judgment decision, Plaintiffs could have "attempted to obtain certifications from exchange witnesses, designated deposition testimony from such witnesses or simply subpoenaed a proper witness to potentially lay a foundation for any requisite lists and data," yet they did none of those things. [1637] at 58. The Court cannot rule, however, that Plaintiffs' inaction resulted from the lack of any

5

factual or legal basis for the asserted claims. As a result, the Court declines to award sanctions under Rule 11. The Court already granted summary judgment in Defendants' favor because of Plaintiffs' failure to present admissible evidence to show that any orders placed by Plaintiffs were mishandled by any Defendant, a necessary predicate to their claims. No further sanction is required.

The Susquehanna Defendants also seek an award of fees and costs under 28 U.S.C. § 1927. That statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Rule 11 and § 1927 "overlap in their prohibition of conduct which is intended to impede and multiply the proceedings." *Kapco Mfg. Co. Inc. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989). Although this case dragged on for more than a decade, Plaintiffs' counsel's behavior constitutes just one of the various reasons that this case lasted as long as it did. Having declined to award sanctions under Rule 11, the Court similarly declines to award fees under § 1927.

Nor will the Court award fees under the Illinois Consumer Fraud Act. Before awarding fees and costs under that statute, this Court would have to find that Plaintiffs pursued the case in bad faith. 815 ILCS 505/10a(c); *Goldberg v. 401 N. Wabash Venture LLC*, No. 09 C 6455, 2013 WL 5376556, at *2 (N.D. Ill. Sept. 25, 2013). As explained above, the Court is not persuaded that that is the case.

6

B.    The Susquehanna Defendants' Bill of Costs

The Court turns next to Defendants' bill of costs [1647]. Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Local Rule 54.1 provides that "[w]ithin 30 days of the entry of a judgment allowing costs, the prevailing party shall file a bill of costs with the clerk and serve a copy of the bill on each adverse party." Here, there is no question that Defendants prevailed, and there is no question that Defendants' bill of costs is timely: the Court entered judgment on May 2, 2017, and Defendants filed their bill of costs on May 31, 2017.

The specific costs subject to taxation are listed in 28 U.S.C. §1920. The costs claimed by Defendants—costs for deposition transcripts and copying—both are allowed under this statute. *Id.* § 1920(2), (4). To be awarded, the costs must also be both reasonable and necessary. *E.g., Interclaim Holdings Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, No. 00 C 7620, 2004 WL 557388, at *2 (N.D. Ill. March 22, 2004). Here, the Court finds that the requested costs are both reasonable and necessary; indeed, Plaintiffs did not object to any of the claimed costs. Accordingly, the Clerk is directed to tax costs in the amount of $99,115.31.

## CONCLUSION

Upon review of the record, the Court declines to impose any additional sanction on Plaintiffs or their attorneys under the PSLRA, Rule 11 or any other statute. Accordingly, the Court denies the Susquehanna Defendants' motion to

7

alter the judgment [1640] and denies the CBOE's request for sanctions [1653]. Defendants' bill of costs [1647] is allowed, however, and the Clerk is directed to tax costs in the amount of $99,115.31.

Dated: May 29, 2018

Entered:

_____
John Robert Blakey
United States District Judge